# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 9460 | **DATE** | 6/11/2002 |
| **CASE TITLE** | USA/SAPHONTE KUYKENDOLL vs. JONATHON R. WALLS | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Status hearing held. Enter Memorandum Opinion And Order. Saphonte Kuykendoll's petition for writ of habeas corpus is denied.
(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JUN 1 2 2002 | |
| | Notified counsel by telephone. | | date docketed | 15 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DOCKETED
JUN 1 2 2002

| | |
|---|---|
| UNITED STATES OF AMERICA ex rel. SAPHONTE KUYKENDOLL, Petitioner, v. JONATHON R. WALLS, Respondent. | Case No. 01 C 9460<br><br>Hon. John W. Darrah |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on prisoner Saphonte Kuykendoll's ("Petitioner") Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 against Jonathon R. Walls[1], Warden of the Menard Correctional Center, where Petitioner is in custody. For the following reasons, Kuykendoll's Petition is denied.

## BACKGROUND

On January 26, 1998, following a jury trial, Petitioner was convicted of an August 11, 1995 home invasion but found not guilty of the first-degree murder of Tanaya Carter ("Carter") in the Circuit Court of Cook County and was sentenced to thirty years' imprisonment. Petitioner was also convicted of first-degree murder in a separate jury trial connected to the home invasion incident. Petitioner was sentenced to sixty years' imprisonment for first-degree murder, to run consecutively to the conviction for home invasion.

---

[1] Jonathon R. Walls, the present custodian, is substituted as the proper named Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 in the United States District Courts.

15

At Petitioner's trial, Shirley Brummett ("Brummett"), an eyewitness to the home invasion and shooting of Carter, testified that she knew that Davontay McKay ("McKay") and Carter's boyfriend had been involved in a drug deal that went bad and that McKay and Carter's boyfriend had been involved in a dispute over a drug deal. Brummett further testified she had been at Carter's house on August 11, 1995, when a man wearing a white mask appeared in the doorway of the bedroom where she and Carter were watching television. A few moments later, Petitioner, who was not wearing a mask, appeared in the doorway holding a handgun. Carter, who had been lying on the bed, began to get up; and Petitioner, at the direction of the man in the white mask, pointed the gun at her and told her to get back. As Carter got back into the bed, Petitioner shot her in the back. Carter died as a result of this gunshot wound. After ordering Brummett out of the room, Petitioner began searching the bedroom. The masked man questioned and beat her. When Petitioner emerged from the room, he and the masked man held her down and kicked her while asking her questions.

Petitioner and the masked man ordered Brummett to go to the living room amd put a pillow on her head. However, Brummett could see that McKay had entered the apartment and begun to search. While McKay, Petitioner and the masked man were searching the apartment, Brummett escaped to a neighbor's house, where she called the police.

Also at trial, the prosecution was permitted to present evidence of other crimes. Specifically, the prosecution was allowed to present the following evidence. McKay was found dead in a car with two bullet wounds to the head. One wound resulted from a .380 caliber handgun and the other from a .450 caliber handgun. A .380 caliber handgun was

found in a nearby alley. This handgun was identified, through tests, as the weapon used to shoot McKay and Carter. Petitioner was found with a bullet wound to the face about a block away from where McKay was found. He had been shot with the same .380 caliber handgun that was used to shoot Carter and McKay.

Petitioner appealed his home invasion conviction and sentence to the Illinois Appellate Court. His appeal raised two issues for review: (1) "whether the trial court erred in granting the state's motion to allow evidence of other crimes" and (2) "whether the state failed to prove the defendant guilty beyond a reasonable doubt." On August 20, 1999, the appellate court affirmed his conviction. Petitioner filed a petition for leave to appeal to the Illinois Supreme Court, which was denied on February 2, 2000.

Petitioner filed a petition for post-conviction relief, alleging that (1) the trial court abused its discretion by imposing an excessive sentence, (2) the prosecutor improperly commented in closing arguments on matters not in evidence, and (3) ineffectiveness of appellate counsel due to appellate counsel's failure to raise the prosecutor's misconduct on direct appeal. On October 19, 2000, the trial court dismissed the post-conviction petition as frivolous and without merit.

Petitioner appealed the denial of post-conviction relief to the appellate court, raising the sole issue of ineffectiveness of appellate counsel due to appellate counsel's failure to challenge Petitioner's excessive sentence. On September 14, 2001, the appellate court affirmed the dismissal of the petition, holding that Petitioner's sole claim was waived because it was not presented in the original petition. Petitioner did not petition for leave to appeal to the Illinois Supreme Court.

Petitioner then filed this petition for a writ of habeas corpus, on January 8, 2002. Petitioner subsequently filed an amended petition for a writ of habeas corpus alleging that: (1) he was denied due process and equal protection when the trial court granted the state's motion to allow evidence of other crimes; (2) he was not proven guilty beyond a reasonable doubt of the element of home invasion; (3) the Eighth Amendment was violated when the trial court imposed an excessive sentence; and (4) appellate counsel was ineffective due to appellate counsel's failure to raise the issues of prosecutorial misconduct, ineffective assistance of trial counsel, and excessive sentence.

## LEGAL STANDARD

A federal court will not grant habeas corpus relief on any claim adjudicated on the merits by a state court unless (1) the state court applied a United States Supreme Court doctrine unreasonably to the facts of the case or (2) the state court's decision relied on an unreasonable reading of the facts in light of the evidence presented. 28 U.S.C. § 2254(d) (2001). For relief based on an unreasonable application of Supreme Court doctrine, the state court's decision must be both incorrect and unreasonable. *Washington v. Smith*, 219 F.3d 620, 628 (7th Cir. 2000).

Petitioner must satisfy two requirements to avoid procedural default before a court may reach the merits of his habeas corpus petition: (1) exhaustion of state remedies and (2) fair presentment of any federal claims. *Spreitzer v. Schomig*, 219 F.3d 639, 644 (7th Cir. 2000)(citations omitted). A habeas corpus petitioner exhausts all state remedies when (1) he presents his claims to the highest court for a ruling on the merits or (2) state remedies are no longer available to the petitioner at the time his federal habeas petition is filed. *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991)(citations omitted). "For a

constitutional claim to be fairly presented to a state court, both the operative facts and the 'controlling legal principles' must be submitted." *Rodriguez v. Scillia*, 193 F.3d 913, 916 (7th Cir. 1999). "If a prisoner fails to present his claims in a petition for discretionary review to a state court of last resort, those claims are procedurally defaulted." *Rodriguez*, 193 F.3d at 917 (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)).

## ANALYSIS

As noted above, Petitioner did not appeal the denial of his post-conviction petition to the Illinois Supreme Court. Thus, Petitioner's failure to present the claims raised in that petition to the Illinois Supreme Court has resulted in a procedural default of those claims. *O'Sullivan*, 526 U.S. at 848. Once procedural default has been established, the petitioner may still present those claims in federal court if he can demonstrate (1) cause for his default and (2) actual prejudice as a result of the alleged violations of federal law. *Steward v. Gilmore*, 80 F.3d 1205, 1211-12 (7th Cir. 1996). Petitioner can show cause "by showing that 'some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rule.'" *United States ex rel. Taylor v. Barnett*, 109 F. Supp. 2d 911, 920 (N.D. Ill. 2000) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)).

Alternatively, the petitioner can present his claims if he can show that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). Under *Schlup v. Delo*, 513 U.S. 298, 315, 327 (1995), a fundamental miscarriage of justice has occurred when the petitioner can show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent." The petitioner must show that "it is more likely than not that no

-5-

reasonable juror would have convicted him in light of . . . new evidence." *Schlup*, 513 U.S. at 327. "Accordingly, without new evidence of innocence, even a meritorious constitutional claim is not sufficient to allow a habeas court to reach the merits of a procedurally defaulted claim." *United States ex rel. Bell v. Pierson*, 267 F.3d 544, 551 (7th Cir. 2001) (citing *Schlup*, 513 U.S. at 316).

Petitioner has not demonstrated any objective factor external to his defense that impeded his efforts to present the procedurally defaulted grounds for relief to the Illinois Supreme Court. Moreover, Petitioner has not presented any new evidence that would suggest that he is innocent. Therefore, Petitioner has not made a showing sufficient to survive a procedural default.

Only the following claims are properly before this Court: (1) whether Petitioner was denied due process and equal protection when the trial court granted the state's motion to allow evidence of other crimes and (2) whether he was proven guilty beyond a reasonable doubt of all the elements of home invasion.

Petitioner was not denied due process and equal protection where the trial court allowed evidence of other crimes. In reviewing a "petitioner's submission concerning a state court's evidentiary ruling based on a state rule of evidence, [the district court will] . . . not consider the correctness of [a state] court's determination based on the state's evidentiary laws." *Koo v. McBride*, 124 F.3d 869, 874 (7th Cir. 1997) (citations omitted). Petitioner must show that he was deprived of a constitutional right by the trial court's ruling. *Koo*, 124 F.3d at 874.

> [W]hen the state merely fails to limit the prosecution's evidence [rather than when the state keeps out favorable evidence or prevents a defendant from cross-examining its witnesses], the only constitutional principle to

-6-

> which the defendant can appeal is a catch-all sense of due process. . . . If the evidence is probative, it will be very difficult to find a ground for requiring as a matter of constitutional law that it be excluded; and if it is not probative, it will be hard to show how the defendant was hurt by the admission.

*Watkins v. Meloy*, 95 F.3d 4, 6 (7th Cir. 1996) (internal citations omitted). McKay and Carter were both shot with the .380 caliber handgun that was found in an alley a few blocks away from where Petitioner was found shot with the same gun. Here, the evidence of the other crimes, i.e., the murder of McKay and the shooting of Petitioner, were clearly probative as to Petitioner's participation in the home invasion and murder of Carter. Petitioner has not presented any evidence that would show that the Illinois Appellate Court unreasonably applied a Supreme Court doctrine or relied on an unreasonable reading of the facts in light of the evidence presented. 28 U.S.C. § 2254(d). Therefore, habeas corpus relief is denied on this ground.

Petitioner's final ground for habeas corpus relief is that he was not proven guilty beyond a reasonable doubt of all the elements of home invasion. The Due Process Clause of the Fourteenth Amendment protects a criminal defendant against conviction "except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). This means that the district court must "determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318 (1979). The proper inquiry is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson*, 443 U.S. at 319.

Here, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.

> The elements of home invasion are: (1) an unauthorized entry into the dwelling of another where the defendant knew or had reason to know that one or more persons was present; and (2) that defendant intentionally caused injury or while armed with a dangerous weapon, used or threatened force upon any persons within the dwelling. 720 ILCS 5/12-11-A(1) and (2) (West 1996); *People v. Hicks*, 181 Ill. 2d 541, 545 (1998).

(Answer Ex. B at 16.) The Illinois Appellate Court found that the evidence presented at trial established that "[Petitioner] entered Carter's apartment through the bedroom doorway brandishing a gun, knowing that Carter and Brummett were inside, and that he used force against both Brummett and Carter." (Answer Ex. B. at 16.) Based on this evidence, any reasonable trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Habeas corpus relief would not be appropriate on this ground because the state court did not unreasonably apply the *Jackson* doctrine to the facts of the case or rely on an unreasonable reading of the facts in light of the evidence presented. 28 U.S.C. § 2254(d).

Based on the foregoing, Petitioner's petition for a writ of habeas corpus is denied.

## CONCLUSION

For the reasons stated herein, Saphonte Kuykendoll's Petition for Writ of Habeas Corpus is denied.

**IT IS SO ORDERED.**

John W. Darrah, Judge
United States District Court

Date: June 11, 2002

-8-